## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**CARLA ORTIZ, Individually, and on behalf of her daughter, J.L., a minor,**

    **Plaintiffs,**

**v.**

**BEN STRONG TRUCKING, INC.**, *et al*.

    **Defendants.**

**Civil Action No.: 1:18-cv-03230-CCB
CONSOLIDATED CASES**

---

**DEFENDANTS, BEN STRONG TRUCKING, INC. AND JOHN OLIVER TERRY, JR.'S,
OPPOSITION TO DEFENDANTS, COWAN TRANSPORTATION SYSTEMS, LLC
AND COWAN SYSTEMS, INC.'S, "RULE 36(a)(6) MOTION TO DEEM MATTERS
ADMITTED, OR IN THE ALTERNATIVE, TO COMPEL RESPONSES TO
REQUESTS FOR ADMISSION AND FOR SANCTIONS" (ECF NO. 110)
AND "RULE 11 MOTION FOR SANCTIONS" (ECF NO. 111)**

NOW COME Defendants, Ben Strong Trucking, Inc. ("Ben Strong" or "BST") and John Oliver Terry, Jr. ("Terry" or "Mr. Terry") (collectively, the "BST Defendants"), by their undersigned attorneys, and file this Opposition to Defendants, Cowan Systems Transportation, LLC ("CSTL") and Cowan Systems, Inc.'s ("CSI") (collectively, the "Cowan Entities" or "Cowan"), "Rule 36(A)(6) Motion to Deem Matters Admitted, or In the Alternative, to Compel Responses to Requests For Admission and For Sanctions" (ECF No. 110) (the "Motion" or "Motion to Compel") and "Rule 11 Motion for Sanctions" (ECF No. 111) (the "Motion for Sanctions"), and state as follows:

### INTRODUCTION AND SUMMARY OF OPPOSITION

Cowan's Motion to Compel is not only substantively baseless, but was filed in clear violation of this Court's Rules regarding discovery motions. In its Motion, Cowan now brings

before the Court Cowan's unfounded objections to the BST Defendants' Responses[1] to Cowan's Requests for Admissions,[2] although the Responses were served on Cowan **more than _five (5) months_ ago**, without ever holding the *required* discovery conference with counsel, without filing the certificate *required* by Local Rule 104(7), and without ever even bothering to pick up the phone and call the BST Defendants' counsel to discuss.[3]

Cowan has failed to even attempt to hold the required discovery conference with counsel, and has failed to file the required certificate regarding that conference, and this Court's Rules are clear: **"The Court will not consider any discovery motion unless the moving party has filed a certificate"** reciting the details of the conference required by Rule 104(7). *See* Local Rule 104(7). Accordingly, Cowan's Motions are clearly improper and unjustified, and should be summarily denied.

Although the Court should not even consider the substance of Cowan's procedurally improper and untimely Motion pursuant to the Court's Local Rules (*see* Local Rule 104(7)), Cowan's objections to the BST Defendants' Responses raised in the instant Motion are substantively unsupported, defy the applicable rules, defy the undisputed facts in this case, defy the instructions included in Cowan's own Requests for Admissions, and defy common sense. For purposes of completeness and to avoid potential waiver of their opportunity to substantively oppose Cowan's Motion, undersigned counsel addresses herein the substance of the untenable and indefensible positions that Cowan takes in its Motion.

For example, in Cowan's Motion, Cowan claims that facially vague terms in the Requests, which were undisputedly *not* defined in the actual Requests, were somehow *silently*

---

[1] Hereinafter, "the "Responses" – a copy of which were attached to Cowan's Motion at ECF No. 110-3.
[2] Hereinafter, "the "Requests" – a copy of which were attached to Cowan's Motion at ECF No. 110-2.
[3] Despite the months long silence from Cowan, somehow Cowan now even accuses the BST Defendants of attempting "to stall" discovery. *See* ECF No. 111 at 3.

defined in the Requests based on the way that *other* non-identical terms were defined, by *other* parties, in *other filings* – despite the fact that the Requests themselves do not reference or incorporate how any terms were defined in any other unidentified filings.  As further example, Cowan demands that the BST Defendants' counsel must somehow ignore or disregard the information and affidavits that have been produced in this litigation when responding to Cowan's Requests for Admissions – despite the fact that Cowan's own instructions instruct, and the Federal Rules of Civil Procedure and cases cited by Cowan *require,* the BST Defendants to conduct reasonable inquiry and respond based on *all available information.*

Since the very beginning of this matter, Cowan's counsel has baselessly accused fellow members of the bar of "bad faith," without any justification, any time they take a position or action that Cowan does not like or understand, even claiming that the insurer AmGuard's act of filing for an interpleader in this case (a classic example of a "pie-slicing" interpleader), which this Court granted, was itself somehow "not only bad faith, but completely incomprehensible." *See* ECF No. 138 at 2 (no authority cited).  Cowan continues that same *modus operandi* now, repeatedly leveling accusations of "bad faith" for BST Defendants' pointing out clear facial deficiencies and factual inaccuracies in the Requests themselves, raising valid, non-boilerplate objections, or simply not providing the responses that Cowan apparently desired. Indeed, despite lacking any legitimate basis to do so, Cowan refers to "bad faith" almost a dozen times just in the Motion to Compel alone. *See, e.g.,* ECF No. 110 at 4, 14, 18, 19, 21.

In pursuit of Cowan's unjustified motions practice at bar, Cowan has filed <u>99 pages</u> of documents with the Court between its Motion to Compel, associated Motion for Sanctions, and their exhibits (*see* ECF Nos. 110 and 111), wasting significant time and resources of not only the BST Defendants, in reviewing and responding to the same, but wasting this Court's time as well.

For the above reasons, and as further discussed below, Cowan's Motion to Compel (ECF No. 110) and associated Motion for Sanctions (ECF No. 111)[4] should be denied. *See also* Local Rule 105(8)(a) ("The Court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions.").

## **FACTUAL BACKGROUND**

CSTL and CSI collectively propounded a single joint set of Requests for Admissions to the BST Defendants on or about July 15, 2020 (the "Requests"). *See* Cowan's Motion (ECF No. 110 at 2); ECF No 110 at Ex. A (ECF No. 110-2). The BST Defendants provided Responses to CSTL and CSI's joint Requests on August 13, 2020 (the "Responses"). *See* ECF No. 110 at 2; ECF No 110 at Ex. B (ECF No. 110-3). Although not mentioned in Cowan's Motion, the third "Cowan" entity Defendant in this case, Cowan Systems, LLC ("CSL"), also served its own separate set of similar Requests for Admissions on the BST Defendants on the same day as CSTL and CSI's joint set of Requests, which the BST Defendants also provided responses to on the same day as the Responses to CSTL and CSI's joint Requests. CSL, however, has not joined in the instant Motion to Compel or Motion for Sanctions filed by CSTL and CSI. *See* ECF Nos. 110 and 111.

On the afternoon of September 23, 2020, Cowan's counsel, on behalf of CSTL, CSI, *and* CSL, emailed the BST Defendants' counsel a letter (ECF No. 110-4) demanding that the BST Defendants provide amended Responses "by September 25, 2020." *See* ECF No. 110 at Ex. C

---

[4] Local Rule 105(8) (titled, "Responses Required Only Upon Court Order") provides that: "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11... The Court shall not grant any motion without requesting a response." Accordingly, the BST Defendants understand that they are not required to respond to Cowan's Motion for Sanctions, as they have not been ordered by the Court to do so. However, as Cowan's Motion for Sanctions is based on the same grounds raised in the Motion to Compel, the Motion for Sanctions is also entirely unjustified and should be denied for the same reasons raised in this Opposition.

(ECF No. 110-4) at 12. After pointing out that Cowan's counsel's demand for amendment in 48 hours was unreasonable, and agreeing to respond by October 2, 2020, the BST Defendants' counsel sent Cowan a letter on that date (ECF No. 110-5) in response, to explain why objections made were non-boilerplate and legitimate, including because of factual inaccuracies and facial deficiencies in the Requests, to highlight that substantive responses were provided notwithstanding valid objections, and offering that Cowan's counsel call to discuss. *See* ECF No. 110 at Ex. D (ECF No 110-5).

However, thereafter Cowan's counsel never called to discuss or mentioned anything about the Requests or Responses for almost *four (4) months*, at which point Cowan simply filed the instant Motion to Compel and Motion for Sanctions on January 13, 2021, without making any attempt to contact BST Defendants' counsel prior to filing.

## ARGUMENT

### A.  Cowan failed to comply with the applicable rules and requirements regarding discovery motions, which requires denial of Cowan's Motion.

This Court's Local Rule 104(7) provides in full as follows:

### 7. Conference of Counsel Required

*Counsel **shall** confer with one another concerning a discovery dispute* and make sincere attempts to resolve the differences between them. ***The Court will not consider any discovery motion unless the moving party has filed a certificate reciting*** (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

Local Rule 104(7) (emphasis added). Here, there is no dispute that no such conference was ever held — in person, by video conference, by telephone, or otherwise. Indeed, Cowan made no attempt to ever schedule or hold a conference, and never even bothered to pick up the phone and call the BST Defendants' counsel. Moreover, there is no dispute that Cowan failed to file the

required certificate with the details of the required discovery conference (Local Rule 104(7)(a)) (i.e., "the date, time, and place of the discovery conference, and the names of all persons participating therein") or "counsel's attempts to hold such a conference without success" (Local Rule 104(7)(b)).

This Court's Rules are clear regarding the consequence of a party filing a discovery motion without also filing the required certificate regarding the discovery conference – "**The Court will not consider" it.** Local Rule 104(7). As the required conference was not held, and the required certificate was not filed by Cowan here, this Court should summarily deny Cowan's Motion to Compel without further consideration.

**B.   Cowan's Motion to Compel is substantively meritless and entirely unjustified.**

As discussed above, in light of Cowan's undisputed failure to comply with this Court's rules and requirements regarding discovery motions, Cowan's Motion should be summarily denied and the Court should "not consider" the substance of the Motion. *See* Local Rule 104(7). However, as further discussed below for purposes of completeness, Cowan's claims and arguments in the Motion are also substantively deficient, untenable, and frivolous for numerous reasons.

**1.   Claims regarding "any Cowan entity" and "any Cowan employee."**

Numerous of the Requests at issue in Cowan's Motion use the phrase "any Cowan entity" also included in the broader phrase "any Cowan entity or any Cowan employee." *See, e.g.,* ECF No. 110-2 at Request Nos. 9, 11, 12, 13, and 17.  The BST Defendants objected as those terms, *inter alia*, were undefined and include an unknown number of unidentified entities and unidentified current or former employees. In its Motion, Cowan now argues that "any claim that the use of the phrase 'Cowan entity' is vague" was the BST Defendants' **"most egregious abuse**

**of the discovery process.**" ECF No. 110 at 9 n.1. However, there is no dispute that the phrases "any Cowan entity" and "any Cowan entity or any Cowan employee" were *not defined in the Requests* at issue. *See* ECF No. 110-2. Instead, Cowan argues that the definition of "any Cowan entity" was somehow silently incorporated in the Requests based on how the similar terms "the Cowan Entities" or "Cowan Defendants" were defined *in other filings.* Cowan spends an entire page of its Motion on this argument. *See* ECF No. 110 at 13 (citing how terms like "the Cowan Entities" or "Cowan Defendants" were defined in ECF No. 79, 69, 62, 151, 59, 131).

As the BST Defendants previously pointed out to Cowan – while the authors of those *other filings* actually defined those *other* terms therein, there is no dispute that Cowan never defined "any Cowan entity" or "any Cowan entity or any Cowan employee" *in the Requests at issue*, and the Requests at issue do not reference or incorporate the definition of any terms used in any other filings. Moreover, even in the irrelevant examples Cowan gives of other unrelated filings, Cowan's Motion does not give even a single example of any prior filing having used, let alone defined, the broader phrases "*any* Cowan entity" and "*any* Cowan entity *or any Cowan employee*" – which are the terms that Cowan actually used in the Requests, and which language certainly indicates it is being used in a broader sense beyond just the three "Cowan" Defendants. Tellingly, while referring to the phrase in the Motion to Compel, Cowan omitted the word "any" in "*any* Cowan entity" and Cowan's Motion does not even attempt to address any of the Requests that used the even broader undefined phrase "any Cowan entity *or any Cowan employee*," thus acknowledging that there is no dispute as to the validity of the objections to that broader undefined phrase in the Requests.

On its face, the Requests' undefined term "any Cowan entity" is vague. Not only does Cowan ignore the fact that two different sets of "Cowan" entity Defendants actually propounded

two separate sets of Requests for Admissions on the BST Defendants – one set jointly from CSI and CSTL, and another set solely from CSL – but as the BST Defendants previously pointed out to Cowan, a search of the Maryland State Department of Assessments and Taxation's business entity database for "Cowan" returns **67** businesses found, and that is just Maryland registrations, without considering any other states. The Requests at issue did not even capitalize the letter "e" in "any Cowan **e**ntity," to identify it as a specially defined term, as is typically done.

Unsurprisingly, Cowan cites no authority that supports its theory that the way that *other* narrower terms were defined in *other* filings is somehow automatically silently incorporated into its Requests for Admissions. And any such argument is meritless. The burden is on the party propounding Requests for Admissions to be precise and direct. *See, e.g., Wright et al.*, 8B Fed. Prac. & Proc. Civ. § 2258 (3d ed.) ("Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation."); *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 363 (D. Md. 2012) ("Each request ... should be phrased simply and directly so that it can be admitted or denied without explanation.") (citation omitted). Cowan has also previously acknowledged and quoted this phrasing requirement espoused in this authority.[5]

Here, Cowan clearly failed to meet that obligation regarding its usage of the broad and undefined phrases "any Cowan entity" and "any Cowan entity or any Cowan employee" in the Requests, and it cannot be reasonably disputed that such phrases, without any definition or limitation, includes an unknown number of unidentified entities. The fact that Cowan argues in its Motion that the BST Defendants making an objection to the Requests on that basis is somehow the "most egregious abuse of the discovery process" (ECF No. 110 at 9 n.1) sets the tone for the unsubstantiated nature of the other arguments raised by Cowan in its Motion to Compel.  Cowan could simply have issued amended definitions for the Requests to define the

---

[5] *See* ECF No. 110-3 at 4 (quoting the "simply and directly" phrasing requirement).

various undefined terms, but instead Cowan chose to say nothing for several months and then move to compel and move for sanctions. Cowan's Motions should be denied.

### 2. **Cowan's Motion makes frivolous claims regarding "improper" objections without any discussion or claimed deficiency with the substantive responses provided notwithstanding the objections.**

Further illustrating the frivolous nature of Cowan's Motion, Cowan dedicated an entire section of its Motion, under subheading 3(a)(i) (titled, "Use of Improper Objections"), solely to raising purported issues with objections made in several Responses, despite the fact that substantive responses were provided notwithstanding those objections, and even where the substantive response provided was specifically what Cowan wanted. *See* ECF No. 110, under subheading 3(a)(i), at 5-9 (regarding Response Nos. 1, 3, 4, 11, and 12). In this section, Cowan acknowledges that the BST Defendants actually "responded [to] the substance of the Requests" but that Cowan is complaining about "the objections, independent of whatever responses were finally disclosed" (*id.* at 5-6), which Cowan says was done, not because of any issue with the substantive responses provided, but rather "to show this Honorable Court the manner in which Ben Strong and Terry responded to the Requests." *Id.* at 9. Such arguments serve no actual purpose and are nothing more than a waste of more of this Court's, and the other parties', time, and further show that Cowan's Motion should be denied. However, for purposes of completeness, Cowan's arguments regarding the objections to those Requests are addressed below.

### i. **Request No. 1.**

Regarding Response No. 1, Cowan takes issue with the objection that the phrase "all times relevant" in the Request is vague on the grounds that it was clear that it meant at the time of the accident giving rise to the lawsuit on June 18, 2018 (hereinafter, the "accident" or

"Accident"). *See* ECF No. 110 at 5-6.[6]  Although there is no dispute that the Request does not mention that date, or any other date(s), and that such terminology certainly suggests, at minimum, that the unidentified "times" (*plural*) referenced would encompass more than a *single* day. Regardless, the BST Defendants provided a substantive response, notwithstanding any objections, specifically addressing employment status "on June 18, 2018" (which Cowan's Motion notes is exactly what Cowan was seeking), stating in the Response: "Mr. Terry was a 1099 contract driver for BST at the time of the accident at issue **on June 18, 2018**." (emphasis added). *See* Response No. 1. Thus, Response No. 1 provided the very response that Cowan claims it was seeking, and Cowan does not even attempt to identify any purported deficiencies with the substantive response actually provided, and the pages in Cowan's Motion dedicated to Response No. 1 served no actual purpose.

## ii.   <u>Request No. 3.</u>

Regarding Response No. 3, Cowan takes issue with the objection to this Request's use of the *quoted* term: "'for-hire motor carrier'" indicating that this undefined term was being used as a term of art in an unidentified context - with Cowan arguing that "it is not a term of art" and that "'for-hire motor carrier' is one of the operating authorities provided by the Department of Transportation" that would be known to "a registered motor carrier." *See* ECF No. 110 at 6-7.

The dictionary defines "term of art" to mean "a term that has a specialized meaning in a particular        field        or        profession."        *See*        https://www.merriam-webster.com/dictionary/term%20of%20art. And from Cowan's explanation, it is clear that the quoted term "'for-hire motor carrier'" in the Request was intended to be used as a term of art (to mean how that term is used "by the Department of Transportation" as would be known to "a

---

[6] Ironically, other Requests from Cowan inquire about agreements executed prior to the accident at issue, which would apparently be irrelevant based on Cowan's argument here.

registered motor carrier"), which itself shows the validity of the objection, as it is undisputed that no such explanation was included in the Requests, and the Requests did not define the term.

Moreover, Cowan's Motion again ignores that a substantive response was provided, notwithstanding any objections, noting that Ben Strong was a registered motor carrier, their understanding was that Cowan Logistics, a division of Cowan Systems LLC, assigned Ben Strong the load to deliver, and that Terry was transporting the load at the time of the accident – which are relevant facts noted in the BST Defendants' attempt to admit what could be admitted in light of the imprecise nature of the Request that was actually made. Again, as Cowan does not identify any purported deficiencies with the substantive response actually provided, Cowan's argument regarding this Response serves no actual purpose other than to mislead this Court into thinking that it did not receive the information that it was actually seeking.

### iii.    Request No. 4.

Regarding Response No. 4, Cowan takes issue with the objection to this Request's reference to the undefined phrase "valid interstate operating authority," however, Cowan does not dispute that the term was, in fact, undefined in Cowan's Requests as noted in the objection. *See* ECF No. 110 at 7-8. Cowan's Motion suggests that "the operating authority [without mentioning the first two words of the undefined phrase] relates to a MC number and DOT number" – such that it was somehow clear that "carrier authority [a term not mentioned in the Request] is the subject of the Request." *See id.* Cowan's Motion's interchangeable use of terms, while trying to explain the clarity of the meaning of the phrase, while also not mentioning the first two words of the phrase in the Request ("valid" and "interstate"), itself acknowledges the lack of clarity of the phrasing actually used in the Request at issue. Moreover, Cowan's Motion claims that "the operating authority relates to a MC number and DOT number" – while ignoring

the fact that the Request, as it was actually made, referred to "valid interstate operating authority" as something else – a third unidentified element, in addition to and beyond a MC number a DOT number. *See* Request No. 4 (Requesting to admit that: "At the time of the Accident, Defendant, BST, had **valid interstate operating authority**, an MC number **and** a DOT number.") (emphasis added).

Additionally, Cowan suggests that the undefined phrase "valid interstate operating authority" in the Request "relates to a MC number and DOT number" – and Cowan correctly notes that the BST Defendants provided Ben Strong's "MC number and DOT number," in addition to the substantive response noting that Ben Strong had such active registrations at the time of the Accident.  Again, BST Defendant's substantive response was apparently the very substantive admission that Cowan desired, and Cowan's argument regarding this Response serves no actual purpose.

### iv.    Request Nos. 11 and 12.

Regarding Response Nos. 11 and 12, addressed together in Cowan's Motion (*see* ECF No. 110 at 8-9), Cowan takes issue with the objections made regarding undefined terms in the phrase "being directed by any Cowan entity or any Cowan employee" (in Request No. 11), and in the phrase "being controlled by any Cowan entity or any Cowan employee" (in Request No. 12). *See id.*

As previously discussed above, the phrase "any Cowan entity or any Cowan employee" is undefined in the Requests, and includes an unknown number of unidentified persons and entities, and Cowan's argument that the term "Cowan entity" was somehow *silently* defined by the way *other* similar terms were defined in *other* filings is meritless. And Cowan never addresses the objections regarding the latter half of the phrase "or any Cowan employee" whatsoever.

Cowan also argues that there is nothing vague whatsoever in the phrasing of the Requests, and that there is no basis to respond to the requests regarding "active" control or direction, because the Requests "did not seek information regarding 'active' control or direction." *Id.* at 9. However, Cowan ignores the word "being" in the phrases "being directed" and "being controlled" (which itself signifies it is actively occurring). Moreover, Cowan argues that it meant something other, and apparently lesser, than "active direction" or "active control," without defining what was meant by "being directed" and "being controlled" in the Requests, thus, validating the objection that the undefined terms are indeed vague and subject to multiple interpretations.  Again, BST Defendants, notwithstanding the objections, provided a substantive response to the Request.  As noted in the substantive responses provided, Mr. Terry was not being actively directed or controlled by any entity at the time of the accident – which was the apparent subject of those Requests, and it remains undisputed that those terms were undefined in the actual Requests at issue. Accordingly, Cowan's arguments regarding these Responses are likewise meritless.

### 3. <u>The arguments made in Cowan's Motion regarding other Responses are likewise meritless.</u>

In the next section of Cowan's Motion (subjections 3(a)(ii)-(viii)), Cowan raises meritless arguments regarding additional Responses that are  addressed in turn below.

#### i. <u>Request Nos. 6 and 7.</u>

Regarding Requests Nos. 6 and 7, addressed together in Cowan's Motion (*see* ECF No. 110 at 9-10), Cowan carried on a factual misunderstanding that started in Request No. 5. Cowan's Request No. 5 was clearly based on Cowan's misunderstanding of the undisputed facts regarding the vehicles involved in the accident at issue as it requested an admission that at the time of the accident, Terry "was driving a vehicle owned by Defendant, BST." *See* Request No.

13

5. That Request was denied because of the undisputed fact that BST did *not* own any of the vehicles involved in the accident, and the owner of the vehicle being driven by Mr. Terry has been well established since the beginning of this matter as identified in the pleadings and discovery. Indeed, as Cowan noted in its Motion, citing the very first pleading in this matter, that vehicle was "owned by Defendant Alliance Trucking and Logistics, LLC." *See* ECF No. 110 at 2 (citing ECF No. 1). In Requests Nos. 6 and 7, Cowan carried on Cowan's obvious misunderstanding of the undisputed facts regarding vehicle ownership that started in Request No. 5, as Requests Nos. 6 and 7 seek admissions regarding "Defendant, BST's, vehicle," a vehicle which undisputedly does not exist, as BST did not own any of the vehicles involved in the accident at issue. The BST Defendants objected to Requests Nos. 6 and 7 on those grounds, and previously educated Cowan on this very issue. Yet, Cowan's Motion does not acknowledge Cowan's mistaken understanding clearly reflected in Cowan's Requests, and instead argues that objections to these requests regarding a non-existent vehicle are somehow not "proper." *See* ECF No. 110 at 10.

Again, these Requests, on their face, refer to a BST-owned vehicle involved in the accident, which undisputedly does not exist, and which clearly is a continuation of Cowan's misunderstanding noted in Request No. 5. Such Requests referencing a non-existent vehicle cannot be "admitted or denied without explanation," as required for Requests for Admissions. *See, e.g., Wright et al.*, 8B Fed. Prac. & Proc. Civ. § 2258 (3d ed.); *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 363 (D. Md. 2012), *supra.* Cowan has also previously acknowledged and quoted this phrasing requirement espoused in this authority,[7] but Cowan clearly failed to meet its burden to draft proper and precise Requests. Cowan's claim that it is somehow "bad faith" for the BST Defendants not to ignore Cowan's factual inaccuracies and

---

[7] *See* ECF No. 110-3 at 4 (quoting the "simply and directly" phrasing requirement).

errors reflected in the Requests is meritless. The Responses, including objections, were appropriate.

### ii.    __Request No. 9.__

Regarding Response No. 9, Cowan again takes issue with the objection to the Request's use of the undefined phrase "any Cowan entity," in response to which the BST Defendants incorporate the discussion above on this point.

Cowan also advances the erroneous argument that somehow the BST Defendants are required to ignore or disregard any information obtained during this litigation in responding to this Request. Request No. 9 asks to admit that "Defendant, Terry, was not acting as an agent, servant, or employee of any Cowan entity at the time of the Accident." *See* Request No. 9. As the BST Defendants explained here and in other Responses, the BST Defendants personal understanding at the time of the accident was that Cowan Logistics, a division of Cowan Systems LLC, assigned BST the load to deliver, as an independent contractor, that Terry was transporting the load at the time of the accident, and that Terry was a 1099 contract driver for BST at the time of the accident. However, as detailed in Response No. 9, this Request regarding the existence of any "agent, servant, or employee" relationship between Terry and "any Cowan entity," cannot be simply admitted or denied because of the information put forth during the course of this litigation.

As Cowan's Motion acknowledges, the Plaintiffs in this case assert "that Terry and Ben Strong were 'statutory employees' of Defendants Cowan Systems, LLC, CSTL and CSI." ECF No. 110 at 2.  More than just an allegation, however, as noted in Response No. 9, Plaintiffs have filed a Motion for Partial Summary Judgment in this matter (ECF No. 58), with supporting affidavit and exhibits, specifically on the issue of agency/statutory employee status regarding

Terry and Cowan. *See, e.g.,* Response No. 9 (explaining same and specifically citing Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 58-3) at 5-8, and exhibits and authority cited therein). As noted in the Response, the details included in the Motion for Partial Summary Judgment and supporting attachments are outside the BST Defendants' personal knowledge, and have been supplied by the filings in this matter. Thus, the BST Defendants admitted what their understanding was, with the caveat that the statutory employee/agency issue raised in Plaintiffs' Motion for Partial Summary Judgment, if true, would require a denial of the Request that was made, as the Request refers to the existence of any "agent, servant, or employee" without defining or limiting any of those terms.

In its Motion, Cowan argues that "the entirety of the Response was improper" (ECF No. 110 at 11),  because "the Request seeks an admission from Ben Strong and Terry, not Plaintiff Carla Ortiz" and "Terry's personal knowledge regarding his agency relationship with any individual or entity is not dependent on another's interpretation of the relationship." ECF No. 110 at 12. Ironically, Cowan then cites cases standing for the principle that a party responding to a Request for Admission is required to obtain all "information relevant to the request [that] is reasonably available to him" and "within the immediate reach of an answering party" when responding to the Requests. *See* ECF No. 110 at 12 (citing *Herrera v. Scully*, 143 F.R.D. 545 S.D.N.Y. (1992) and *Criterion Music Corp. v. Tucker*, 45 F.R.D. 534, 536 (S.D. Ga. 1968)). Indeed, Cowan's own instructions in the Requests at issue instruct the BST Defendants to make "reasonable inquiry… [of] **the information** known *or readily obtainable by [the BST Defendants]*" when responding. *See* ECF No. 11-2 at 2, Instruction (d).  This instruction mirrors Fed. R. Civ. P. 36(a)(4) regarding the need for a party to make "reasonable inquiry" regarding "the information it knows *or can readily obtain*." *See* Fed. R. Civ. P. 36(a)(4) (emphasis added).

Thus, Cowan's argument that somehow the BST Defendants needed to disregard or ignore information produced in this litigation regarding the Plaintiff's claim of statutory employee/agency status is entirely meritless, defies the very case law that Cowan cites, defies Cowan's own instructions in the Requests, and defies the Federal Rules of Civil Procedure.

For these same reasons, Cowan's argument that the Request's use of the phrase "agent, servant, or employee" is "generally understood, even by laypersons" – ignores that all those terms are undefined in the Requests, and further ignores that the issue is whether that phrase would include "statutory employee" status – which remains unknown, and was the reason for the valid objections made by the BST Defendants. Cowan could have included definitions of the terms in this Request that excluded any "statutory employee" status, or limited the Request to the BST Defendants' understanding and personal knowledge prior to the instant litigation. Cowan did not. And the BST Defendants cannot ignore the information received since the initiation of this litigation, when responding to a Request for an admission of an unconditional fact. Cowan's argument to the contrary in its Motion is without merit.

### iii.    Request No. 13.

Regarding Response No. 13, Cowan again takes issue with the objection to Cowan's use of the undefined phrase "any Cowan entity," which has already been discussed herein. Cowan's Motion, however, does not address or discuss the objections made related to other undefined terms in the Request, including "being paid or otherwise compensated," thus, acknowledging that those objections were well taken, and under the circumstances, were also indeed valid objections. Rather, Cowan then summarily concludes, without supporting authority or substantive explanation, that "This 'response' is simply further evidence of Ben Strong and Terry's refusal to respond to the Requests in good faith and their counsel's endorsement of

same." *See* ECF No. 110 at 14. However, this Response specifically stated that Mr. Terry was transporting the load at issue "at the time of the Accident as a 1099 contract driver for BST." *See* Response to Request No. 13.   This same point is stated multiple times in the Responses. Payments for the load, however, were at least indirectly stemming from a Cowan entity, as the Responses state the BST Defendants' understanding that "Cowan Logistics, a division of Cowan Systems LLC, had assigned BST the load to deliver." Thus, there is a lack of clarity, for example, as to whether this situation qualifies as "otherwise compensated," as that term is undefined in the Requests, and used in this Request to mean something other than, and in addition to, "being paid." All of which is noted in the Response, and which Cowan's Motion does not address.

v. <u>Request No. 14.</u>

Regarding Response No. 14, although this Request specifically asks whether Mr. Terry "was paid… for his services… at the time of the Accident," Cowan argues that this Request is not actually referencing "the Accident" or related to Mr. Terry being in "the Accident" – which seems to ignore the "at the time of the Accident" language specifically used in this Request.

Cowan's Motion indicates that Cowan intended to ask about whether Mr. Terry was driving the load at issue as a 1099 contractor of BST (unrelated to "the Accident," although it was referenced in the Request), and Cowan does not acknowledge that a substantive response was provided, notwithstanding any objections, admitting that at the time of the Accident, Mr. Terry was driving as "a 1099 contract driver for BST…" – which appears to be the information that Cowan was looking for, and which is stated multiple times throughout the Responses. However, payments were not actively being made at the time of "the Accident" or for "the Accident," as the actual Request indicates, and as noted in the BST Defendants' objections.

Finally, Cowan does not identify any issue with the objections made to this Request, including regarding the undefined terms in this Request such as "professional driver" and "his services provided as a professional driver," and thus, Cowan does not actually dispute the validity of those objections.

### vi.     Request No. 17.

The only objection made to Request No. 17 that Cowan's Motion addresses is related to "the use of the term 'Cowan entity'" (*see* ECF No. 110 at 16) – which ignores the fact that the objection was made to the broader and undefined phrase "*any* Cowan entity *or any Cowan employee*" – the latter half of which Cowan's Motion does not address at all, and the first half of which is certainly vague as discussed above, including in its use of "any" in "*any* Cowan entity," which Cowan's Motion also never addresses. Cowan's Motion also does not identify any issues with any of the other objections that were made (including related to the other various undefined and vague terms used, and the entire lack of any timeframe or context for the Request), so there is no dispute as to their validity.

Because no definitions, context, or timeframe were provided related to this Request – which Cowan's Motion does not dispute – the BST Defendants were required to assume what was meant, and responded accordingly, stating "no person or entity known to be related to Cowan Systems, Inc. or Cowan Systems Transportation LLC had direct input in any decision making regarding Mr. Terry's status as a 1099 contract driver for BST, or the initiation or cessation thereof" – which, as noted, is what was assumed was meant by "disciplined" and the intended subject of the Request.

Regarding this Request's use of the undefined terms "rewarded or incentivized," Cowan again does not dispute that those terms are undefined or vague, and this Request suffers from the

same deficiency noted above regarding Request No. 13, *i.e.*, that payments for the load that Terry was transporting stemmed at least indirectly from the Cowan entity that assigned BST the load to deliver, which load Mr. Terry was transporting as a 1099 contract driver for BST, which could fall within the scope of this Request's undefined phrase "rewarded or incentivized by any Cowan entity or any Cowan employee." Thus, as noted in Response No. 17, "further clarification regarding the intended usage and context of the undefined terms used in this Request" is needed for the BST Defendants to be able to admit or deny this Request.

Moreover, Cowan's argument that this Response is "improper for failing to describe the efforts to gain information that would enable an admission or denial" (ECF No. 110 at 17) misses the point. As noted in the Response, the information that is needed to enable an admission or denial is "clarification regarding the intended usage and context of the undefined terms used in this Request" (*see* Response No. 17), which clarification Cowan has never provided. Again, Cowan failed to meet its burden to propound precise requests that can be admitted or denied without explanation, and Cowan's arguments are meritless. *See, e.g., Wright et al.*, 8B Fed. Prac. & Proc. Civ. § 2258 (3d ed.); *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 363 (D. Md. 2012), *supra*.

### vii.   <u>Request No. 19.</u>

Regarding Response No. 19, Cowan takes issue with the objection made to the undefined term "brokered" used in the Request, claiming that the term is "accepted within the transportation industry." *See* ECF No. 110 at 17.  However, there is no dispute that the term was not defined, and Cowan's Motion acknowledges that Cowan was using the term as a term of art "within the transportation industry" – without defining it or identifying it as such, which itself shows the validity of the objection.

Cowan also argues again that the information and documentation provided with Plaintiffs' Motion for Summary Judgment showing that "Cowan Systems, LLC was not authorized to act as a broker" (*see* Response No. 19 (quoting Plaintiff's Motion for Summary Judgment at 5)), must be ignored when responding to this Request – an argument which is entirely meritless as discussed above regarding Request No. 9.  Cowan's Motion argues that any claim that Plaintiff's Motion for Summary Judgment filings, including supporting affidavits and exhibits, "somehow impacts Ben Strong and Terry's knowledge" is "patently absurd" and "highlights Ben Strong and Terry's bad faith." ECF No. 110 at 18. Ironically, in support of its misguided argument, Cowan again cites case law regarding the notion that a party responding to a Request for Admission is required to obtain all "information relevant to the request [that] is reasonably available to him" and "within the immediate reach of an answering party" when responding to the Requests. *See* ECF No. 110 at 18-19 (citing *Herrera v. Scully*, 143 F.R.D. 545 S.D.N.Y. (1992) and *Criterion Music Corp. v. Tucker*, 45 F.R.D. 534, 536 (S.D. Ga. 1968)).  Far from being "patently absurd" and "bad faith" as Cowan claims, however, the BST Defendants were *required* to consider all information available to them – including the information in Plaintiff's Motion for Summary Judgment and supporting affidavits and exhibits – including under the case law cited by Cowan, under the instructions in Cowan's Requests, and under the Federal Rules of Civil Procedure, as previously discussed above.

The BST Defendants provided a substantive response with their understanding of the events starting with the beginning of their involvement, subject to the caveats noted in their objections, including the undefined term "brokered," and the other issues discussed above, which are directly relevant to the Request and put at issue Cowan Systems, LLC's ability to "broker" the load, using that term as it is "accepted within the transportation industry" (*see* ECF No. 110

at 17).  The BST Defendants cannot simply admit that the "load was brokered by Defendant, Cowan Systems, LLC" (*see* Request No. 19), when Cowan does not define the term "brokered" or otherwise clarify whether an entity like Cowan Systems, LLC that was apparently "not authorized to act as a broker" at the relevant time (*see* Response No. 19 (quoting Plaintiff's Motion for Summary Judgment at 5)) can be considered to have "brokered" the load at issue, as that undefined term is being used in this Request. All of which is noted in the Response, and Cowan's argument to the contrary is meritless.

### viii.    __Request No. 20.__

In Request No. 20, Cowan requests an admission that: "The 'broker' / 'motor carrier' relationship between Cowan Systems, LLC and Defendant, BST, was memorialized in the broker agreement attached hereto as Exhibit A." *See* Request No. 20.  Cowan's Motion again raises meritless arguments regarding the Response to this Request.

Cowan takes  issue with the objection to the Request's use of the phrase "The 'broker' / 'motor carrier' relationship," as being undefined, and using quotation marks for terms therein, indicating it is referring to terms of art without identifying any context. Cowan's Motion then claims that "the term 'broker/motor carrier relationship' is … accepted within the transportation industry." *See* ECF No. 110 at 19.  Notably, Cowan quoted different parts of that phrase in its Motion, compared to what was quoted in the actual Request, and Cowan's Motion does not dispute that the phrase was undefined, while also acknowledging that Cowan was, in fact, intending to use it as a term of art (*i.e.,* how it is used "within the transportation industry") without identifying any context, thus, validating the objection.[8] Moreover, by acknowledging Cowan's unidentified intent to use the phrase how it is used "within the transportation industry,"

---

[8] Cowan also argues that this Request is not compound, yet on its face, it consists of at least two requests, i.e. (1) that such a relationship existed, and (2) that the relationship was "memorialized" in the referenced document.

Cowan's Motion further shows the validity of the other objections made regarding the conflicting Motions for Summary Judgment. The evidence and affidavits produced therein are clearly relevant to this Request, as those materials show that "Cowan Systems, LLC was not authorized to act as a broker" (*see* Response No. 20 (quoting Plaintiff's Motion for Summary Judgment at 5)), and Cowan indicates that Cowan Systems, LLC is "The 'broker'" referred to in the Request.

Yet, Cowan again makes the meritless argument that the BST Defendants must ignore or disregard any information obtained from the Plaintiff's Motion for Summary Judgment and supporting exhibits, because "these Requests for Admission are directed to seek an admission from Ben Strong and Terry. The Request is not directed to Carla Ortiz or any other party to this action." *See* ECF No. 110 at 20. Cowan's argument is groundless for the same reasons discussed above regarding Request Nos. 9 and 19. Again, the BST Defendants were ***required*** to consider all information available to them – including the information in Plaintiff's Motion for Summary Judgment and supporting affidavits and exhibits – including under the case law cited by Cowan, under the instructions in Cowan's Requests, and under the Federal Rules of Civil Procedure, as discussed above.

Either way, the BST Defendants again provided a substantive response with their understanding of the events starting with the beginning of their involvement, that BST was a motor carrier and that their understanding was that Cowan Logistics, a division of Cowan Systems LLC, had assigned BST the load to deliver, which load Mr. Terry was transporting at the time of the Accident. This was subject to the caveats noted in the objections, including the Request's use of undisputedly undefined terms, unidentified apparent terms of art, and the other issues discussed, which put at issue Cowan Systems, LLC's ability to be a "broker" in  "The

'broker' / 'motor carrier' relationship," as that phrase is "accepted within the transportation industry" (*see* ECF No. 110 at 19), which are directly relevant to this Request in light of the affidavits and evidence that "Cowan Systems, LLC was not authorized to act as a broker" (*see* Response No. 20 (quoting Plaintiff's Motion for Summary Judgment at 5)). The Request that was actually made was for an admission of an unconditional fact – not a description of the parties' individual knowledge prior to this litigation – and Cowan's argument that the notion that the BST Defendants would consider the information produced by other parties in this litigation in responding to the Requests is somehow not "tenable" (ECF No. 110 at 20) is clearly without merit.

### C.  <u>Cowan's Motion for Sanctions is entirely unjustified.</u>

Cowan argues that "as a result of the conduct which has been outlined" in the Motion to Compel, "CSTL and CSL assert that an imposition of both monetary sanctions… as well as deeming the matters admitted or ordering a supplemental response without objections is appropriate" because the BST Defendants' conduct somehow "rises to the level of bad faith." *See* ECF No. 110 at 20-21. Cowan recites the same baseless arguments raised in its Motion to Compel in its associated "Rule 11 Motion for Sanctions" (ECF No. 111).

As discussed herein, Cowan's Motions are not only substantively meritless, but were filed in clear violation of this Court's Rules regarding discovery motions. In its Motion, Cowan now brings before the Court Cowan's unsubstantiated objections to the BST Defendants' Responses to Cowan's Requests for Admissions, although the Responses were served on Cowan ***more than <u>five (5) months</u> ago***, without ever holding the *required* discovery conference with counsel, without filing the certificate *required* by Local Rule 104(7), and without ever even bothering to pick up the phone and call the BST Defendants' counsel to discuss.

24

With these Motions, Cowan continues its unjustified leveling of accusations of "bad faith" against fellow members of the bar, without justification, to the point that "bad faith" has lost any actual meaning. Such conduct should not be countenanced by the Court.

Local Rule 105(8) (titled, "Responses Required Only Upon Court Order") provides that: "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11... The Court shall not grant any motion without requesting a response." Accordingly, the BST Defendants understand that they are not required to respond to Cowan's Motion for Sanctions, as they have not been ordered by the Court to do so. However, as Cowan's Motion for Sanctions is based on the same grounds raised in the Motion to Compel, the Motion for Sanctions is also entirely unjustified and should be denied for the same reasons raised in this Opposition. The BST Defendants further note that this Court's Local Rules warn counsel that: "The Court expects that motions for sanctions will not be filed as a matter of course" and "The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions." Local Rule 105(8)(a). Cowan's Motion for Sanctions is in clear contradiction to this Court's rules and is undeniably unjustified in this matter.

WHEREFORE, Defendants, Ben Strong Trucking, Inc. and John Oliver Terry, Jr., respectfully request that this Honorable Court deny Defendants, Cowan Systems Transportation, LLC and Cowan Systems, Inc.'s, "Rule 36(A)(6) Motion to Deem Matters Admitted, or In the Alternative, to Compel Responses to Requests For Admission and For Sanctions" (ECF No. 110) and "Rule 11 Motion for Sanctions" (ECF No. 111), and that the Court grant such other and further relief as is just and appropriate. A proposed Order is being filed herewith.

Respectfully submitted,

/s/ Stephen S. McCloskey
Stephen S. McCloskey (Fed. Bar No.: 4640)
Jeaneen J. Johnson (Fed. Bar No.:  27119)
Richard J. Medoff (Fed. Bar No.: 19608)
Semmes, Bowen & Semmes
25 South Charles Street, 14th Floor
Baltimore, Maryland 21201
(410) 539-5040 (Telephone)
(410) 539-5223 (Facsimile)
smccloskey@semmes.com
jejohnson@semmes.com
rmedoff@semmes.com
*Counsel for Defendants, Ben Strong
Trucking, Inc. and John Oliver Terry, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2021, a copy of the foregoing Opposition and proposed Order was filed and served electronically via the Court's CM/ECF system on all counsel of record.

/s/ Jeaneen J. Johnson
Jeaneen J. Johnson (Fed. Bar No.:  27119)

B2439866.DOCX